DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: dfitzgerald@ffwplaw.com
e-mail: jrios@ffwplaw.com

Proposed Attorneys for Tollenaar Holsteins,
a California general partnership

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>TOLLENAAR HOLSTEINS, a California general partnership,<br><br>Debtor. | CASE NO.: 15-20840-B-11<br>Chapter 11<br>DCN:  FWP-2<br><br>Date:, February 6, 2015<br>Time:      3:00 p.m.<br>Judge:     Hon. Christopher D. Jaime<br>Courtroom: 32, Department B |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR AUTHORITY TO PAY PREPETITION WAGES, COMPENSATION AND UTILITIES**

Tollenaar Holsteins, a California general partnership (hereinafter "Debtor"), hereby submits this Memorandum of Points and Authorities in Support of the Motion for Order Authorizing Use of Cash Collateral and for Authority to Pay Prepetition Wages, Compensation and Utilities (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

**I.**

**STATEMENT OF FACTS**

1. The basic facts pertinent to this Motion are contained in the Declaration Tami Tollenaar, attached as Exhibit A.

2. The primary Secured Creditors who may assert security interests in personal

property are Bank of the West and A.L. Gilbert Company, Associated Feed, Gavilon, LLC, Foster Farms, Penny Newman and Mesa Verde (collectively, the "Feed Suppliers"). The Feed Suppliers are owed money by the Debtor and may assert dairy liens. Bank of the West and the Feed Suppliers are collectively referred to herein as the "Secured Creditors".

3. The Petition was filed on February 4, 2015. The Schedules and Statement of Affairs have not been filed.

4. Attached to the Declaration of Tami Tollenaar is an Emergency Budget showing expected revenues and emergency cash collateral needs. By this Motion authority is sought to use cash collateral for period of February 4, 2015 through February 28, 2015 in the amounts shown on the budget appended to the Declaration.

5. The Debtor's business is premised upon being able to milk and cull cows. If the Debtor does not use cash collateral, much of which goes for feed, payroll and payroll related items, it will be unable to pay its employees and they will cease work which will result in the demise of the businesses. The primary collateral consists of the Debtor's livestock requiring daily care.

6. The Debtor further requests authority to pay employee obligations, employee deductions and employee expenses (the "Employee Compensation") and all utility expenses (the "Utilities") as included in the Budget, including amounts owed for services or utilities delivered pre-petition. The Debtor believes that such amounts would be entitled to priority claim status under the provisions of section 507(a) or otherwise require adequate assurance under section 366 and that payment of the pre-petition Employee Compensation and Utilities is necessary to the continued operation of the Debtor's business. If such payments are not made, there is a substantial risk of loss of employees or utility service that would result in the Debtor's inability to operate its business or care for its cows. Replacing the Debtor's employees would be difficult or impossible and would require significant expense and loss of operations that the Debtor cannot afford to incur.

7. Without use of cash collateral the Debtor will be unable to pay the insurance, fuel, rent, utilities or pay its employees and will have to cease operations.

-2-

Memorandum of Points & Authorities re
Motion for Authority to Use Cash Collateral

8. Through the Motion, the Debtor seeks authority to use cash collateral to provide the funding needed to operate and maintain the business and pay critical expenses during the pendency the Chapter 11 case. In order to maintain and preserve the going concern value of the Debtor's business, it is critical that there be no disruption in the Debtor's operation. The Debtor has been unable to obtain financing with unsecured credit pursuant to Bankruptcy Code Section 364(a) or (b) allowed as an administrative expense under Bankruptcy Code Sections 503(b)(1) or, secured credit pursuant to Bankruptcy Code Section 364(c), or on more favorable terms from any other sources.

9. Denial of the cash collateral motion does not benefit any credit constituency but would cause significant harm to the Debtor's business operations and its assets, particularly the cows.

10. The Debtor requests that the Court authorize use of cash collateral for the Budget Period, which funds constitute cash collateral of the Secured Creditors, purchase feed, materials, pay employees, operate, and otherwise continue business operations as set forth on the budget.

11. Pursuant to Bankruptcy Code §§ 362 and 363, as adequate protection for any decline in value of the Secured Creditors' collateral resulting from such use, Debtors will provide the Secured Creditor with a replacement lien.

12. By this Motion, the Debtor seeks to grant replacement liens to the extent cash collateral is actually used. The Debtor is unaware of any other creditors having liens security interest in the subject cash collateral, however, the Debtor seeks authority to use collateral of any such creditor, if any, provided the creditor was served with notice of the Motion. The Debtor alleges that the requested use of cash collateral is for and in the best interests of the estate.

13. The Budget includes a carve-out for administrative claimants and professionals.

## II.

## DISCUSSION

14. As a Debtor, the Debtor's use of property of the Chapter 11 bankruptcy estate is governed by Section 363 of the Bankruptcy Code. Section 363(c)(1) provides in relevant part:

> "If the business of the Debtor is authorized to be operated… Of this title and unless the court orders otherwise, the trustee may enter in transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice and a hearing, and may us property of the estate in the ordinary course of business without notice of hearing."

15. Section 363(c)(2) establishes a special requirement, however, for the use of cash collateral. Cash collateral is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest...." 11 USC § 363(a). Section 363(c)(2) permits use of cash collateral under subsection (c)(1) only if one of two alternative circumstances exist:

    (A)    each entity that has an interest in such cash collateral consents; or

    (B)    the court after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

16. In accordance with BR 4001(d)(1), the Debtors have served the Motion on all lease or executory contract creditors; all secured creditors; all taxing agencies, the twenty largest unsecured creditors, or the Chapter 11 Trustee, if any; the Debtor and counsel; and the U.S. Trustee's Office. Under the circumstances, it is submitted that the notice with respect to this emergency Motion is proper, and the Court should approve the requested use of cash collateral and set a further hearing on future uses of cash collateral.

17. As to the prepetition wages, courts routinely recognize the justifications set forth above for allowing a debtor to pay prepetition wages, compensation and benefits. The Debtor has the right to adopt reasonable employment policies pursuant to sections 1107 and 1108 of the Bankruptcy Code and may use property of the estate to continue its operations under section 363(b). Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. §363(b)(1). Section 363(c)(1) allows the Debtor to use property of the estate in the ordinary course of business without court approval. Furthermore, courts recognize that a debtor-in-possession has a fiduciary duty to, among other things, protect and preserve the bankruptcy estate, including preserving an operating business' going concern value. *In re CoServ*,

273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

18.     In addition, section 507(a) of the Bankruptcy Code provides a list of priorities in distribution of the estate of the debtor.  The fourth and fifth priorities are for the wages and benefits of employees of the debtor, respectively, up to $12,475, for unpaid wages and benefits earned within 180 days before the Petition Date; the eighth priority relates to employment taxes. These priority claimants are paid in full before the general unsecured creditors of the estate receive a dividend.

19.     Furthermore, authorizing payment of such prepetition employment expenses is an appropriate exercise of the court's discretion under sections 363(b) and 105(a) and Federal Rule of Bankruptcy Procedure Rule 6003 and Bankruptcy Code Section 366 applies to utilities.  See e.g. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989); see also *Northwest Engineering Co. v. United States Steel Workers*, 863 F.2d 1313, 1315 (7th Cir. 1988) ("If employees were treated in all respects as unsecured creditors, they would be inclined to desert a leaky ship, speeding up the firm's collapse. . .").  The Ninth Circuit has recognized the "necessity of payment" doctrine. *In Burchinol v. Central Washington Bank (In re Adam's Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir, 1987).

## III.

## CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that this Court enter an order (i) approving the interim use of cash collateral at the hearing; (ii) authorizing the use of cash collateral on terms prescribed by the Court; (iii) setting a hearing on further uses of cash collateral; (iv) authorizing payment of amounts owed for Employee Compensation or Utilities,

///
///
///
///
///
///

Memorandum of Points & Authorities re
Motion for Authority to Use Cash Collateral

including amounts owed for services or utilities delivered pre-petition, and (v) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  February 6, 2015

FELDERSTEIN FITZGERALD
WILLOUGHBY& PASCUZZI LLP

By: */s/ Jason E. Rios*
JASON E. RIOS
Proposed Attorneys for Tollenaar Holsteins,
a California general partnership