Case 15-20840   Filed 05/14/15   Doc 289

Richard A. Lapping (SBN: 107496)
Law Office of Richard A. Lapping
540 Pacific Avenue
San Francisco, CA 94133
Telephone:     (415) 399-1015
Facsimile:     (415) 399-1038
Richard@LappingLegal.com

Attorney for Russell K. Burbank
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br>TOLLENAAR HOLSTEINS,<br>    Debtor.<br>In re:<br>FRIENDLY PASTURES, LLC,<br>    Debtor.<br>In re:<br>T BAR M RANCH, LLC,<br>    Debtor.<br>☐ Affects ALL DEBTORS<br>☒ Affects only Tollenaar Holsteins<br>☐ Affects only T Bar M Ranch, LLC<br>☐ Affects only Friendly Pastures, LLC | Lead Case No.: 15-20840-B-11<br>Jointly administered with<br>Case Nos. 15-20842-B-11 and 15-20844-B-11<br>Chapter 11<br>DCN: RAL-6<br>**MOTION FOR AUTHORITY TO SELL SECOND RYE GRASS CROP BY PRIVATE SALE FREE AND CLEAR OF LIENS OR INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br>Date:     May 19, 2015<br>Time:     11:00 a.m.<br>Judge:    Hon. Christopher D. Jaime<br>Courtroom: 32, Department B<br>DATE AND TIME SHOWN ABOVE SUBJECT TO COURT'S GRANTING REQUEST FOR ORDER SHORTENING TIME |

Russell K. Burbank (the "Trustee"), the Chapter 11 Trustee in the above captioned bankruptcy cases of the respective debtors (the "Debtors"), hereby moves the Court (the "Motion") for an order authorizing the Trustee to sell the second cutting of rye grass ("Rye Grass") growing and currently ready to harvest on the real property occupied by Debtor Tollenaar Holsteins.

1.	The Trustee has not currently identified a buyer but understands that both Bank of the West and Jon Tollenaar have identified interested parties.

2.	The terms of the sale will be at market price and, if more than one party is interested, to the highest bidder, and will generally conform to the terms approved by the Court in connection with the first cutting.  See Declaration of Tami Tollenaar In Support of Motion for Authority to Sell Rye Grass Crop (First Cutting) filed on March 12, 2015 at Docket No. 161 for details of the sale process.  The Trustee will need to retain some flexibility on terms in order to obtain the best and highest price for the crop.  See also, Minute Order approving sale filed March 17, 2015 at Docket 187.

3.	Bank of the West, which asserts a first priority perfected security interest in the Rye Grass has consented to and requested this proposed sale.  Likewise, Jon Tollenaar, who also claims an interest in the Rye Grass by virtue of his ownership of the land on which it grows, also has consented to and requested this proposed sale.

4.	All proceeds of the sales will be deposited in the Trustee's bank accounts for the applicable Debtor and retained pending further order of the Court.  These funds will be treated as contested funds not subject to distribution pursuant to Bank of the West's distribution motion, which accords the same treatment to the proceeds of the prior sale of Rye Grass.

5.	Due to the circumstances, the Trustee also requests that the stay imposed by Bankruptcy Rule 6004(h) upon orders authorizing the use, sale or lease of property be waived in order to allow the sales to proceed expeditiously.  The Trustee is aware of no prejudice that would be caused by the Court's waiver of Bankruptcy Rule 6004(h).

6.	Reserving all rights to contest any aspect of the claimed security interests by the Bank of the West or any other party, the Trustee proposes that the Court grant replacement liens to the Bank and any other party asserting a lien or an interest in the cash sale proceeds (e.g., Jon Tollenaar) to the same extent, validity and priority as the secured or interested parties hold on the Rye Grass. The Trustee will deposit all proceeds in the bank account maintained by the Trustee for Tollenaar Holsteins and retain them pending further order of the Court.

7.	This Motion is based on background and points and authorities set forth below, the

1 Notice of Motion, the Declaration of Russell K. Burbank, the complete record and files in these
2 cases, the representations and arguments of counsel to be made at the hearing of the Motion, and on
3 such other and further evidence and matters as may be presented to the Court in connection with the
4 Motion.

5       8.      The Motion, Notice of Hearing and Declaration of Russell K. Burbank have been or
6 will be served electronically on all parties that have consented so such service, and will be served by
7 mail on the Debtors, the equity owners of the Debtors, all creditors, all secured creditors, all taxing
8 agencies, all parties that have requested notice, and the Office of the United States Trustee.

## MEMORANDUM OF POINTS AND AUTHORITIES

10       9.      Section 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004 authorize a debtor
11 or trustee to sell assets of the estate other than in the ordinary course of business, after notice and a
12 hearing. See, e.g., In re Quintex Entertainment, Inc., et al, 950 F.2d 1492, 1495 (9th Cir. 1991). In
13 accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of
14 business may be by private sale or public auction. See Fed. R. Bankr. P. 6004(f)(1).

15       10.      The Ninth Circuit Bankruptcy Appellate Panel in Walters v. Sunwest Bank (In re
16 Walters), 83 B.R. 14, 15-16 (B.A.P. 9th Cir. 1988) applied a flexible, case-by-case test to determine
17 whether a sound business purpose justifies a proposed sale under Section 363(b) of the Bankruptcy
18 Code. Adopting the reasoning of the Fifth Circuit in Institutional Creditors of Continental Air Lines,
19 Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.), 780 F.2d 1223, 1226 (5th Cir.
20 1986) and the Second Circuit in In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983), the Panel
21 noted that whether a proffered justification is sufficient will depend on the specifics of the case. The
22 Court should consider all salient factors pertaining to the case and act to further the diverse interests
23 of the debtor and creditors alike. Id.

24       11.      The courts have long recognized that where a sale by a debtor is made in good faith
25 and upon a reasonable basis – as the proposed sale is here – "[t]he court will not entertain objections
26 to a trustee's conduct of the estate." In re Curlew Valley Assocs., 14 B.R. 506, 513-514 (Bankr. D.
27 Utah 1981). See also In re Southern Biotech, Inc., 37 B.R. 318, 322-23 (Bankr. M.D. Fla. 1983).
28 This is because it is the "Trustee, not the Court, [that] is selling [the] property." In re Gulf States

Law Office of Richard A. Lapping
540 Pacific Avenue
San Francisco, CA 94133

1  Steel, Inc., 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002).

2      12.    Section 363(f) of the Bankruptcy Code provides that, upon certain conditions, the
3  Trustee may sell property free and clear of a lien or interest in such property if, among other things,
4  the interest in such property to be sold is in bona fide dispute, or the entity asserting an interest
5  consents.  See 11 U.S.C. § 363(f)(2) and (4).  In this case, the Trustee is permitted to sell free and
6  clear because the Bank has consented.  Alternatively, the Trustee is unaware of and disputes any
7  other alleged interest that may be asserted to the Rye Grass that are subject of the Motion.  Section
8  364(f)(4) permits sale in the event of a dispute, which the Court is not required to resolve in order to
9  approve the sale.  See In re Octagon Roofing, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991).

10      13.    In accordance with Walters and the foregoing cases, the Trustee submits that there is
11  valid business justification and good business reason for the proposed private sale of the Rye Grass
12  on prevailing market terms similar to the prior sale of Rye Grass approved by the Court.  As such,
13  the Trustee believes the Court should authorize him to conduct and finalize the sale.

## CONCLUSION

For the foregoing reasons, the Trustee requests that the Court grant the Motion and allow the Trustee to coordinate the sale of the Debtors' Rye Grass at a private sale as requested.

Dated: May 14, 2015                  LAW OFFICE OF RICHARD A. LAPPING

                              By:  /s/ Richard A. Lapping
                                  Richard A. Lapping
                                  Attorney for Russell K. Burbank,
                                  Chapter 11 Trustee

Law Office of Richard A. Lapping
540 Pacific Avenue
San Francisco, CA 94133